IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL HEINZ SCHROEDER JR., | No. C 11-02697 CRB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| COMCAST CORPORATION, | |
| Defendant. | |

Before this Court is Defendants Comcast Corporation and Sonia Aguilar's (collectively "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. 12). At the motion hearing, Plaintiff Karl Heinz Schroeder, Jr.'s ("Plaintiff's") counsel agreed that all of Plaintiff's claims depend on his assertion that his conduct did not constitute criminal trespass and that therefore he was wrongfully arrested. However, a jury convicted Plaintiff of criminal trespass and the appellate division upheld the verdict. Thus, collateral estoppel bars Plaintiff from alleging any incident of wrongful arrest necessary to sustain his causes of action. Therefore, Defendants' Motion to Dismiss all counts with prejudice is GRANTED.

**I.     BACKGROUND**

On June 5, 2009, Plaintiff entered Comcast's Customer Service Center in Santa Rosa, California, to pay his bill and seek resolution of a service problem. First Amended Complaint ("FAC") (dkt. 7) ¶ 7. Plaintiff sought assistance from Sonia Aguilar, a Comcast

employee. Id. ¶¶ 6, 8. Plaintiff began the encounter "unhappy" and "started to get very upset," eventually verbally abusing the employees. Id. ¶¶ 9, 11, 14. Plaintiff's behavior made other Comcast employees and customers present very uncomfortable and afraid. Id. ¶ 11. Aguilar warned Schroeder that she would call the police if he did not calm down. Id. ¶ 12. Plaintiff refused to comply, Aguilar called the police, and Sergeant Michael Numainville and Officer Patricia Mann arrived on the scene. Id. Despite the officers' attempts to convince Plaintiff to leave, Plaintiff refused and continued to verbally abuse Comcast employees. Id. ¶ 14.

After Plaintiff's refusal to leave the premises, Aguilar effected a citizen's arrest and the officers took Plaintiff into custody. Id. ¶¶ 15-16. During the arrest, Sergeant Numainville feared for his own safety and the safety of the other customers. Id. ¶ 17. As a result of the incident, Plaintiff was convicted in 2009 of violating California Penal Code sections 602.1(a) (criminal trespass by intentionally interfering with a lawful business) and 148(a)(1) (willfully resisting, delaying, or obstructing an officer in the discharge of his employment). Id. ¶ 19.

On June 3, 2011, Plaintiff filed a *pro se* complaint with this Court. See Complaint (dkt. 1). After retaining counsel, Plaintiff filed a First Amended Complaint on October 12, 2011. See FAC. The FAC alleges five causes of action: (1) tortious false arrest; (2) violation of section 1983; (3) violation of California's constitutional guarantee of liberty of speech; (4) negligent infliction of emotional distress stemming from the false arrest; and (5) violation of California's Unfair Practices Act. See id. Defendants filed this Motion to Dismiss the FAC pursuant to Rule 12(b)(6) on December 2, 2011. See generally Motion to Dismiss.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949-50. The determination of whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## III.  DISCUSSION

Plaintiff's counsel conceded at the motion hearing that all of Plaintiff's causes of action depend on his contention that his conduct on June 5, 2009, did not constitute criminal trespass and that therefore Aguilar unlawfully arrested him. However, to accept Plaintiff's allegations of innocence as true would require disregarding Plaintiff's valid criminal conviction. Because Plaintiff's conduct resulted in a criminal trespass conviction, collateral estoppel bars him from now asserting that he did not commit trespass. Even viewing the FAC in the light most favorable to Plaintiff, the FAC fails to adequately state any claim for relief.

Under the doctrine of collateral estoppel, any issue necessarily decided in a prior criminal proceeding is conclusively determined for the purposes of a subsequent civil trial. Teitelbaum Furs, Inc. v. Dominion Ins. Co., 375 P.2d 439, 442 (Cal. 1962). A federal court gives a state court judgment the same preclusive effect as it would be given in the state issuing the judgment. Kremer v. Chem. Const. Corp., 456 U.S. 461, 466 (1982). Here, Plaintiff's assertion that his arrest was unlawful is the foundation for his claims of (1) false arrest; (2) violation of 42 U.S.C. § 1983; (3) violation of California's constitutional guarantee of freedom of speech; (4) negligent infliction of emotional distress; and (5) violation of California's Unfair Practices Act. However, collateral estoppel bars Plaintiff from making that assertion.

3

### A. Plaintiff's Conviction Establishes that Adequate Grounds for Arrest Existed

A conviction bars a subsequent claim for false arrest because it indicates that law enforcement had adequate grounds for arrest and prosecution. Compton v. Ide, 732 F.2d 1429, 1434 (9th Cir. 1984), abrogated on other grounds, Agency Holding Corp. v. Malley-Duffy & Assocs., Inc., 483 U.S. 143, 148-49, 167 (1987) (cited with approval in Higginbotham v. King, 63 Cal. Rptr. 2d 114, 116 (Ct. App. 1997)).[1] In Compton, the plaintiff filed a civil suit alleging that law enforcement conspired with organized crime figures to extort fraudulent title to a yacht, induce the plaintiff to buy weapons illegally, deny him police protection, and falsely arrest him. 732 F.2d at 1432. The plaintiff based his false arrest claim on the same law enforcement conduct that resulted in his conviction for illegal possession of weapons. Id. The Ninth Circuit affirmed the dismissal of the false arrest claim because the prior conviction based on the conduct at issue precluded the plaintiff from challenging the propriety of the arrest. Id. at 1434.

Like in Compton, here Plaintiff's trespass conviction precludes him from challenging the basis for the citizen's arrest.[2] The core of Plaintiff's complaint is that he did not commit criminal trespass. See FAC ¶¶ 20-33, 36-40, 59-66. However, at the time of the arrest, Plaintiff was in Aguilar's presence and engaged in conduct that a jury found constituted criminal trespass. As a result of the jury verdict, Plaintiff is barred from arguing that his conduct did not violate California law, and therefore the FAC cannot allege an improper arrest that would support his claims.

---

[1] The reasoning in Compton is an extension of the Supreme Court's holding that a section 1983 claim is not valid when a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction." Heck v. Humphrey, 512 U.S. 477, 487 (1994); see Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam). Other circuit courts have also held that a conviction bars false arrest claims brought under section 1983. See Walker v. Schaeffer, 854 F.2d 138, 143 (6th Cir. 1988); Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986); Martin v. Delcambre, 578 F.2d 1164, 1165 (5th Cir. 1978); but see Rose v. Bartle, 871 F.2d 331, 351 (3d Cir. 1989).

[2] Plaintiff attempts to distinguish Compton based on the fact that Aguilar made a citizen's arrest under California Penal Code section 837(1), requiring "a public offense committed or attempted in [the arresting citizen's] presence." Cal. Penal Code § 837(1). Plaintiff's reasoning is unpersuasive: Compton does not contain any language suggesting that its holding is limited to police arrests. See Compton, 732 F.2d at 1434.

4

### B.   Plaintiff Had Full Incentive to Litigate the Issue of Whether His Conduct Constituted Criminal Trespass

Plaintiff argues that collateral estoppel should not apply because he did not fully litigate the issue. Opp'n (dkt. 16) at 6. One requirement for collateral estoppel to apply is that the party sought to be precluded had motivation to fully litigate the issue in the prior proceeding.[3] Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir. 1990); see also Lucido v. Superior Court, 795 P.2d 1223, 1225 (Cal. 1990) (citing People v. Sims, 651 P.2d 321, 331 (Cal. 1982)). In Ayers, the plaintiff brought a section 1983 claim challenging the constitutionality of two prior arrests. Ayers, 895 F.2d at 1269. The plaintiff had raised the issues during the criminal prosecutions and in both actions the trial court denied the motions and the appellate division affirmed. Id. The Ninth Circuit affirmed the application of collateral estoppel, finding that the plaintiff had full incentive to raise constitutional issues even though the charges were only misdemeanors and noting that the plaintiff did not raise any reason why he was not motivated to fully litigate. Id. at 1272.

Here, like in Ayers, Plaintiff had full motivation to litigate the basis for his arrest during the 2009 criminal trial. The crux of Plaintiff's argument before this Court is that he did not commit the crime and therefore was falsely arrested because Aguilar did not have statutory authorization to effect the citizen's arrest. FAC ¶¶ 20-33. The central issue during Plaintiff's six-day criminal trial was whether or not his conduct at the Comcast Service

---

[3] California courts apply collateral estoppel when four factors are satisfied: "(1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial." Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir. 1990) (citing McGowan v. City of San Diego, 256 Cal. Rptr. 537, 539 (Ct. App. 1989)).
Here, Plaintiff was convicted by a jury after a six-day trial, the appellate division upheld the verdict, and the Court of Appeal denied Plaintiff's Petition to Transfer, exhausting Plaintiff's direct appeals and making the conviction full, fair, and final for collateral estoppel purposes. See FAC ¶ 19; Request for Judicial Notice ("RJN") (dkt. 13), Exs. A at 152-154, B, C; Mueller v. J.C. Penney Co., 219 Cal. Rptr. 272, 277 (Ct. App. 1985) (misdemeanor conviction considered final when no direct appeals remained). The issue that the conviction is being offered for is whether Plaintiff's conduct leading to Aguilar's citizen's arrest constituted criminal trespass, a conclusion that the jury must have made to reach a guilty verdict. See RJN, Ex. A at 141. Finally, Plaintiff was a party to the previous proceeding as the criminal defendant in Sonoma County Superior Court. FAC ¶ 19. Therefore, all of the factors are satisfied and collateral estoppel is properly applied.

Center, the same conduct that Aguilar witnessed and that formed the basis for the arrest, constituted criminal trespass. See RJN, Ex. A at 141. Plaintiff therefore had both incentive and opportunity to fully litigate the issue of his guilt at the criminal trial and therefore applying collateral estoppel is appropriate.[4]

Once Plaintiff's conviction is given its proper preclusive effect, Plaintiff cannot assert that his conduct did not constitute criminal trespass. Because his conduct did constitute criminal trespass, Aguilar's citizen's arrest was lawful and could not have been a false arrest. Therefore, in light of Plaintiff's conviction, the complaint cannot allege a false arrest necessary to support the claims. For Count One, Plaintiff's allegation of tortious false arrest cannot be maintained if Aguilar properly effected a citizen's arrest. Similarly, there can be no violation of 42 U.S.C. § 1983 if the arrest was proper. With respect to Count Two, lawful arrest for trespass does not violate California's constitutional guarantee of freedom of speech. See In re Bacon, 49 Cal. Rptr. 322, 336 (Ct. App. 1966) (constitutional rights "did not abrogate appellants' duty to refrain from violating laws of our state."); see also Cox v. Louisiana, 379 U.S. 559, 574 (1965) (there is a "plain duty and responsibility on the part of all citizens to obey all valid laws and regulations"). For Count Three, Defendants did not breach any duty to instruct employees on the definition of trespass because Aguilar correctly identified Plaintiff's actions as trespass when she made the arrest. Finally, for Count Four, Defendants cannot engaging in unfair business practices by lawfully removing a trespasser from the property.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's FAC does not properly allege any claim for

//

//

---

[4] Plaintiff notes that his counsel for the criminal trial never filed a motion to suppress based on the citizen's arrest. Opp'n at 6. However, Plaintiff's conviction was primarily based on witness testimony and documentary evidence, not physical evidence seized from Plaintiff during the arrest. See RJN, Ex. A at 44 (listing the prosecution's anticipated sources of proof). Thus, there was apparently no evidence at trial subject to a motion to suppress.

relief. Defendants' Motion to Dismiss is GRANTED, with prejudice.

**IT IS SO ORDERED.**

Dated: January 24, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE